IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETIENNE MAUGAIN et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 22-116-GBW |
| FCA US LLC, | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiffs Etienne Maugain, Louise Shumate, Denise Hunter, Harry Reichlen, John Kundrath, Kenneth Esteves, John Skleres, Richard Archer, Stephen Dreikosen, and Leonel Cantu (collectively, "Plaintiffs") filed this consumer class action against Defendant FCA US LLC ("FCA") to obtain monetary relief based on FCA's alleged failure to disclose engine defects in "2014 or newer Chrysler, Dodge, Jeep, or RAM-branded vehicles equipped with 3.6L Pentastar V6 engine ('Class Vehicles')." D.I. 34 at 1, 191. Pending before the Court now is non-party James Martin's ("Martin") Motion to Be Added as a Plaintiff (Pro-Se) in this Complaint (D.I. 25, the "First Intervention Motion"), Motion for Leave to Be Joined as a Plaintiff (D.I. 26, the "Second Intervention Motion"), and Motion for Copy of Records (D.I. 27). Martin's Second Intervention Motion asks, in the alternative, that he be added as a class member. D.I. 26. For the reasons explained in more detail below, the Court finds that Martin does not meet the standard to intervene under Federal Rule of Civil Procedure 24. Thus, the Court denies the First Intervention Motion and the Second Intervention Motion. The Court also denies the Motion for Copy of Records as moot.[1]

---

[1] The motions are fully briefed, D.I. 25; D.I. 26; D.I. 27; D.I. 29, and no hearing is necessary.

1

## I. BACKGROUND

Plaintiffs allege that FCA sold Class Vehicles "with a defective 3.6L engine and falsely marketed the vehicles as safe to drive, durable, reliable, and capable of providing transportation." D.I. 34 ¶¶ 1, 3. The defective engines "prematurely fail" and are unable to accomplish "the fundamental elements of the function of an internal combustion engine . . . ." D.I. 34 ¶ 4. FCA has also instructed car dealers to replace defective parts with new parts that have the same defect "while informing consumers that the vehicles are fixed, including when repairs were made under warranty." D.I. 34 ¶ 11.

FCA is a Delaware limited liability company (LLC) headquartered in Auburn Hills, Michigan that "designs, manufactures, markets, distributes, services, repairs, sells, and leases" the Class Vehicles "nationwide." D.I. 34 ¶ 156. "FCA provides warranty coverage for Class Vehicles under one or more warranties[,]" such as a "a 7-year/100,000 mile powertrain limited warranty for vehicles which are purchased certified pre-owned." D.I. 34 ¶ 21. FCA's sole member is another Delaware LLC, and that LLC's sole member is Fiat Chrysler Automobiles N.V., "which was incorporated as a public limited liability company" in the Netherlands and is headquartered in the United Kingdom. D.I. 34 ¶ 156. FCA sells the Class Vehicles through a nationwide dealer network, but it sells warranties directly to consumers. D.I. 34 ¶ 159.

Martin, an Indiana resident, alleges, in his First Intervention Motion, that he purchased a Class Vehicle (a certified pre-owned 2014 Chrysler 200); that FCA knew of but failed to disclose defects in the engine of his Class Vehicle; and that he, consequently, overpaid for a defective vehicle that he must pay to have fixed and that he cannot use for its intended purpose. D.I. 25 ¶¶ 1, 14-15, 19, 25, 45. Martin also submits an April 11, 2022 letter from Martin to the Chrysler Corporation that asserts Martin had a vehicle warranty. *See* D.I. 25 at 54. Martin's First Intervention Motion appears largely copied from Plaintiffs' original complaint in this action,

which was filed on January 28, 2022. *Compare, e.g.*, D.I. 1 ¶¶ 129, 135, 189, 201, *with* D.I. 25 ¶¶ 90, 96, 132, 143 (containing identical language). In his Second Intervention Motion, Martin "seeks leave to be added as a Pro-se Plaintiff in this matter, or added as a Class Member pursuant to his earlier filing of his version of his complaint against [FCA]." D.I. 26. Martin also asserts that he "is a vict[i]m of [FCA]'s defective products and ha[s] proven his case beyond a reasonable doubt with his version of his lawsuit, similar to that of the original filing, yet with invoices and damages." D.I. 26. In a separate motion, Martin "seeks a copy of the record for his review and records" and asserts that he is "legally indigent." D.I. 27. FCA asks the Court to deny Martin's Intervention Motions under Rule 24(a) and (b). D.I. 29 at 1.

## II. LEGAL STANDARD

"A motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Rule 24(a) provides as follows:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). To intervene by right, a party must show "(1) a sufficient interest in the litigation; (2) 'a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action'; *and* (3) that its interest is not adequately represented by the existing parties to the litigation." *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018) (citation omitted) (emphasis added). "[A]n applicant's interests are not adequately represented if they diverge sufficiently from the interests of the existing party,

such that 'the existing party cannot devote proper attention to the applicant's interests.'" *Id.* at 60 (citation omitted).

Rule 24(b) allows the Court to permit the intervention of any party who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "[D]istrict courts have broader discretion in making a determination about whether permissive intervention is appropriate as opposed to intervention as of right." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014). The Third Circuit has previously upheld the denial of permissive intervention for the same reasons that a district court denied a motion for intervention by right. *See id.* at 524–25 ("The District Court in this case denied [the] Rule 24(b) permissive intervention motion for the same reasons it denied the motion pursuant to Rule 24(a)."); *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) ("[I]f intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well.").

## III. DISCUSSION

The Court denies the First Intervention Motion and the Second Intervention Motion under Rule 24(a) and (b). In this action, Martin asserts no statute—and FCA fails to identify any statute—that gives Martin the right to or permission to intervene. *See* D.I. 29 at 3. Martin also cannot meet the remaining requirements for intervention by right. First, Martin cannot show that disposition of this action would, practically, impair or affect his interests. Martin seeks compensation for the cost of repairing his vehicle. D.I. 26 (seeking "damages"); D.I. 25 at 48 (seeking "at least[] $50,000 in reimbursement and costs"), 53–54 (submitting a receipt for $893.34 from Eric's USA Automotive, LLC, Martin's "personal mechanic"). If Plaintiffs pursue monetary damages, *see* D.I. 34 at 191 (seeking "[r]estution, compensatory damages, and costs"),

4

and if Martin is included in the class, *see* D.I. 25 ¶ 1 (alleging purchase of a Class Vehicle), Martin will have the right to request exclusion from the class, *see* Fed. R. Civ. P. 23(b)(3), (c)(2)(B)(v) (requiring notice to Rule 23(b)(3) class members of the ability to opt-out); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("[I]ndividualized monetary claims belong in Rule 23(b)(3).").

Second, Martin cannot show that Plaintiffs fail to adequately represent Martin's interests for two reasons. The first reason is that Martin's lawsuit is nearly identical to the Plaintiffs' suit. Martin explains in his Second Intervention Motion that he "is a vict[i]m of [FCA]'s defective products" and that "his version of his lawsuit" is "similar to that of the original filing, yet with invoices and damages." D.I. 26. Indeed, as explained above, Martin's First Intervention Motion appears to copy verbatim much of the language in the Plaintiffs' original complaint (a complaint Plaintiffs have since revised, *see* D.I. 34). The second reason is that Plaintiffs seek to represent—as to three of their claims—a nationwide class of "[a]ll persons or entities in the United States . . . that purchased or leased" a "2014 or newer Chrysler, Dodge, Jeep, or RAM-branded vehicle[] equipped with the 3.6L Pentastar V6 engine . . . ." D.I. 34 ¶¶ 1, 262. Martin, according to his First Intervention Motion, would be part of that class. *See* D.I. 25 ¶¶ 1 (alleging the purchase of a "2014 Chrysle[r] 200 equipped with the 3.6L Pentastar V6 engine"), 25 (alleging the purchase of a "certified pre-owned 2014 Chrysler 200"). For all these reasons, the Court finds that Martin has no right to intervene.

The Court also denies permissive intervention for the same reasons. Plaintiffs assert the same injuries as Martin asserts and would include Martin in their nationwide class. Martin may also opt out of the class, so there is no reason this action must impair or affect his interest in

compensation. *See* Fed. R. Civ. P. 23(b)(3), (c)(2)(B)(v) (requiring opt-out notice to Rule 23(b)(3) class members); D.I. 25 at 48 (seeking "compensatory damages").

Lastly, Martin moves, in the alternative, to be added as a member of Plaintiffs' class. D.I. 26. The Court cannot grant class membership when the class does not exist at this stage of the litigation. *See* Fed. R. Civ. P. 23(c)(1) (requiring a class certification order). The Court will determine whether Martin is a class member when it rules on class certification. *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class . . . ."). Martin's motion to be added as a class member is premature at this time. Thus, the Court denies the Second Intervention Motion without prejudice to the extent Martin seeks to be added as a class member.

For the above reasons, the Court denies the First Intervention Motion and the Second Intervention Motion. Given that the Court has denied Martin's Intervention Motions, Martin will have no need for or right to the records of this action beyond that of a member of the general public. Thus, Martin's Motion for Copy of Records, D.I. 27, is denied as moot.

Therefore, at Wilmington this 24th day of October 2022, **IT IS HEREBY ORDERED** that Martin's Motion to Be Added as a Plaintiff (Pro-Se) in this Complaint (D.I. 25) and Motion for Leave to Be Joined as a Plaintiff (D.I. 26) are **DENIED** and that Martin's Motion for Copy of Records (D.I. 27) is **DENIED** as moot.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE