# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETIENNE MAUGAIN, *et al.*, ) | |
| ) | C.A. No. 1:22-cv-00116-JLH |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | |
| FCA US LLC, ) | |
| ) | |
| *Defendant*. ) | |

### DEFENDANT FCA US LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DIMISS COUNT III OF PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR LACK OF JURSIDCITON

**ECKERT SEAMANS CHERIN & MELLOTT**

Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
T: (302) 574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**KLEIN THOMAS LEE & FRESARD**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 N. Broadway, Suite 1600
St. Louis, Missouri 63102
T: (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

## **TABLE OF CONTENTS**

**Page**

I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ................................. 1

II. SUMMARY OF ARGUMENT ................................................................................................ 1

III. RELEVANT FACTS ............................................................................................................... 2

IV. ARGUMENT ........................................................................................................................... 2

    A.    The Governing Legal Standard. ................................................................................. 2

    B.    The MMWA Claim (Count III). ................................................................................ 2

        1.    Less Than 100 Plaintiffs. .................................................................................. 2

        2.    No Jurisdiction Under CAFA. ......................................................................... 3

        3.    No Supplemental Jurisdiction. .......................................................................... 3

V. CONCLUSION ........................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ................................................................................ 2

*Bolling v. Mercedes-Benz USA, LLC*, -- F.Supp.3d --, 2024 WL 371876 (N.D.Ga. 2024) ............ 5

*Diaz v. FCA US LLC*, 693 F.Supp.3d 425 (D.Del. 2023) ............................................................... 2

*Floyd v. American Honda Motor Co., Inc.*, 966 F.3d 1027 (9th Cir. 2020) .............................. 3, 4

*Franzini v. Bissell Homecare, Inc.*, 2024 WL 3366035 (E.D.N.Y. 2024) ...................................... 5

*Granato v. Apple Inc.*, 2023 WL 4646038 (N.D.Cal. 2023) ........................................................... 4

*Kavon*, 605 F. Supp. 3d 622 (D.N.J. 2022) .................................................................................... 4

*Powell v. Subaru of Am., Inc.*, 502 F.Supp.3d 856 (D.N.J. 2020) ............................................. 3, 4

*Robinson v. General Motors, LLC*, 2022 WL 19384806 (D.Del. 2022) .................................... 2, 3

*Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177 (3rd Cir. 2023) .............................................. 1, 3

*Weisse v. LG Elecs., Inc.*, 2023 WL 1796548 (D.Haw. 2023) ....................................................... 4

*Williams v. Samsung Elec. America, Inc.*, 2024 WL 1328133 (D.N.J. 2024) ................................ 4

**Statutes**

Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d) ...................................... *passim*

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) .................................................. 1, 3

Supplemental Jurisdiction, 28 U.S.C. § 1367 ............................................................................. 3, 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 2

Fed. R. Civ. P. 12(h)(3) ................................................................................................................... 2

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiffs bring this nationwide class action based on allegations certain components of the engines in their vehicles are defective.[1]  Discovery is ongoing and fact discovery is currently scheduled to close in January 2025.[2]  Defendant FCA US LLC previously moved to dismiss the FAC.  On February 7, 2023, the Court entered an order dismissing all but the unjust enrichment, implied warranty, and Magnuson-Moss Warranty Act ("MMWA") claims.[3]  Since that time, the Third Circuit Court of Appeals has held that CAFA "does *not* displace the MMWA's [one hundred] named-plaintiff requirement and thus cannot serve as a basis for federal jurisdiction over MMWA class actions."[4]  This case is not brought by one hundred named plaintiffs.  Accordingly, this Court lacks jurisdiction over the MMWA claim asserted in Count III of the FAC, and FCA US thus seeks dismissal for lack of subject matter jurisdiction.

## II. SUMMARY OF ARGUMENT

This Court should dismiss Count III because Plaintiffs fail to satisfy the MMWA's jurisdictional requirement of having at least one hundred named plaintiffs in the class action.  *See* 15 U.S.C. § 2310(d)(3).

---

[1] *See*, *generally*, First Amended Class Action Complaint ("FAC"), D.I. 34.
[2] *See* D.I. 140.
[3] *See* D.I. 112; *see also* D.I. 84.
[4] *See Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 185 (3rd Cir. 2023) (emphasis added).

## III. RELEVANT FACTS

The FAC asserts claims on behalf of a putative nationwide class, and it has ten named Plaintiffs, not one hundred. *See, e.g.*, D.I. 34, ¶ 1.[5] In Count III of the FAC, the ten named Plaintiffs assert a claim under the MMWA.

## IV. ARGUMENT

### A. The Governing Legal Standard.

Rule 12(b)(1) provides for the dismissal of a claim or action where the court lacks subject matter jurisdiction. An objection that jurisdiction is lacking "may be raised by a party or by a court on it is own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, *the court shall dismiss the action*." *Id.* (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

### B. The MMWA Claim (Count III).

#### 1. Less Than 100 Plaintiffs.

"The MMWA requires at least 100 named plaintiffs to advance a class action claim under the Act." *Robinson v. General Motors, LLC*, 2022 WL 19384806, *4 (D.Del. 2022) (citing 15 U.S.C. § 2310(d)). And a court does not have jurisdiction over an MMWA class claim without them. *Id.* The FAC names less than one hundred plaintiffs, *see* § III, *supra*, so the Court does not have jurisdiction over the MMWA claim in Count III. *See*, *e.g.*, *Diaz v. FCA US LLC*, 693 F.Supp.3d 425, 445 (D.Del. 2023) (dismissing MMWA claim where "[t]here are only seven named Plaintiffs, not the 100 required"); *see also Powell v. Subaru of Am., Inc.*, 502 F.Supp.3d 856, 885

---

[5]The named Plaintiffs are: (1) Etienne Maugain, (2) John Kundrath, (3) Louise Shumate, (4) Richard Archer, (5) Denise Hunter, (6) Harry Reichlen, (7) Stephen Dreikosen, (8) Kenneth Esteves, (9) John Skleres, and (10) Leonel Cantu.

(D.N.J. 2020) (where complaint did not contain one hundred named plaintiffs, court "does not have jurisdiction over the claims asserted under the MMWA, and those claims must be dismissed").

### 2. No Jurisdiction Under CAFA.

Before *Rowland*, some courts allowed an MMWA claim to proceed even where it fell short of the numerosity requirement *if* jurisdiction otherwise existed under CAFA. *See*, *e.g.*, *Robinson*, 2021 WL 3036353 at *19 n.46. But, with *Rowland*, the Third Circuit corrected that mistake, finding that "CAFA does not demonstrate any intent by Congress to repeal or alter parts of the MMWA's jurisdictional requirements" and unequivocally holding that "*CAFA does not displace the MMWA's named-plaintiff requirement*." 73 F.4th at 184 (emphasis added).

Thus, if less than one hundred plaintiffs bring an MMWA claim, CAFA no longer is a substitute for jurisdiction over an MMWA claim. Put simply, "[CAFA] cannot serve as a basis for federal jurisdiction over MMWA class actions." *Id.*; *see also Powell v. Subaru of America, Inc.*, 502 F.Supp.3d 856, 885 (D.N.J. 2020) (citing with approval *Floyd v. American Honda Motor Co., Inc.*, 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement, and we affirm the district court's dismissal of the MMWA claim.")).

### 3. No Supplemental Jurisdiction.

Plaintiffs also cannot rely on supplemental jurisdiction under 28 U.S.C. § 1367. Such jurisdiction is only available where a federal statute does not otherwise prohibit it, *i.e.*, "the district courts shall have supplemental jurisdiction" "[e]xcept as … expressly provided otherwise by Federal statute." *See* 28 U.S.C. § 1367(a) (emphasis added). Here, the MMWA—a federal statute— *expressly provides* that "[n]o claim shall be cognizable … if the action is brought as a

*class action, and the number of named plaintiffs is less than one hundred.*" *See* 15 U.S.C. § 2310(d)(3) (emphasis added). To allow the ten named Plaintiffs here to invoke supplemental jurisdiction for their MMWA claim would undermine the express statutory limits. *See* 15 U.S.C. § 2310(d)(3); *see also Granato v. Apple Inc.*, 2023 WL 4646038, *3 (N.D.Cal. 2023) ("this Court is barred from exercising subject matter jurisdiction over the MMWA claim, notwithstanding the availability of supplemental jurisdiction"); *Weisse v. LG Elecs., Inc.*, 2023 WL 1796548, *4 (D.Haw. 2023) ("the MMWA's jurisdictional requirements are an example of a federal statute that *expressly provides otherwise*") (emphasis added).

Courts within the Third Circuit have reached the same conclusion. For instance, in *Williams v. Samsung Elec. America, Inc.*, the plaintiffs argued there was "supplemental jurisdiction under 28 U.S.C. § 1367, regardless of whether [there are one hundred named plaintiffs]." 2024 WL 1328133, *5 (D.N.J. 2024). The court held otherwise, noting that "courts consistently find that Paragraph Three [of the MMWA requiring at least one hundred named plaintiffs] *illustrates Congress' desire to limit a federal court's ability to hear MMWA claims*." *Id.* (emphasis added).

"Thus, in a class action case," supplemental jurisdiction notwithstanding, "the Court can exercise jurisdiction '*only if*' there are 'at least 100' named plaintiffs." *Id.* (emphasis in original) (citing *Floyd*, 966 F.3d at 1035 (discussing the jurisdictional significance of the 100 named plaintiffs requirement) and *Kavon*, 605 F. Supp. 3d at 631 ("[E]very court in this District to address *Floyd* has followed its reasoning.")); *see also Powell*, 502 F.Supp.3d at 899 (dismissing MMWA claim despite the plaintiffs' assertion of supplemental jurisdiction under 28 U.S.C. § 1367 through their surviving claims).

Put another way, 28 U.S.C. § 1367's supplemental jurisdiction is not some "jurisdictional backdoor" that preserves an MMWA class claim short of its own requirements. *See Franzini v.*

*Bissell Homecare, Inc.*, 2024 WL 3366035, *5 (E.D.N.Y. 2024) ("The *jurisdictional gymnastics suggested by Plaintiff run counter to the typical situation*, where original jurisdiction exists over federal claims, and supplemental jurisdiction then applies to any state law claims.") (emphasis added), *report and recomm. adopted*, 2024 WL 3755297 (E.D.N.Y. 2024); *see also Bolling v. Mercedes-Benz USA, LLC*, -- F.Supp.3d --, 2024 WL 371876, *13 (N.D.Ga. 2024) (plaintiffs' contention that court had supplemental jurisdiction did not explain how it "gets around the express limitation under the MMWA that no claim shall be cognizable if the action is brought as a class action, and the number of named plaintiffs is less than one hundred").

## V.  CONCLUSION

For the reasons set forth herein, the Court should dismiss Count III of Plaintiffs' First Amended Class Action Complaint.

Dated:  <u>August 28, 2024</u>                             Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

 /s/ *Jessica L. Reno*
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T: 302-574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**KLEIN THOMAS LEE & FRESARD**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 N. Broadway, Suite 1600
St. Louis, Missouri  63102
T:  (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on August 28, 2024, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

                                          /s/ *Jessica L. Reno*