# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETIENNE MAUGAIN, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Civil Action No. 1:22:CV-00116-JLH |

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION

Kelly A. Green (Bar No. 4095)
Jason Z. Miller (Bar No. 6310)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
Tel.:    (302) 504-1656
Fax:    (302) 625-8405
Email: kag@skjlaw.com
          jzm@skjlaw.com

Russell D. Paul (Bar No. 4647)
**BERGER MONTAGUE PC**
800 N. West Street, Suite 200
Wilmington, DE 19801
Tel.:    (302) 691-9545
Email:  rpaul@bm.net

Abigail Gertner (pro hac vice)
Amey J. Park (pro hac vice)
Natalie Lesser (pro hac vice)
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Email: agertner@bm.net
          apark@bm.net
          nlesser@bm.net

Additional Counsel for Plaintiffs on Signature Page

## TABLE OF CONTENTS

I.  Statement of the Nature and Stage of Proceedings ................................................................ 1

II.  Summary of Argument ............................................................................................................ 1

III. Concise Statement of Facts .................................................................................................... 2

IV. Argument ................................................................................................................................ 2

    A.  Federal District Courts in the Third Circuit May Exercise Jurisdiction over the
    Individual Named Plaintiffs' Claims According to the Plain Language of the
    MMWA ............................................................................................................................ 2

    B.  Federal District Courts in the Third Circuit May Exercise Supplemental
    Jurisdiction over MMWA Claims When Those Courts Have Original Jurisdiction
    over Other Claims Plaintiffs Alleged in the Complaint ................................................... 3

    C.  The Text of the MMWA Does Not Preclude Federal District Courts in the Third
    Circuit from Hearing Individual Claims in Class Actions ............................................... 4

V.  Conclusion .............................................................................................................................. 5

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                     **Page(s)**

*Chiulli v. Am. Honda Motor Co.*,
   690 F. Supp. 3d 1038 (N.D. Cal. 2023) ................................................................... 4

*Floyd v. Am. Honda Motor Co.*,
   966 F.3d 1027 (9th Cir. 2020) ................................................................................... 4

*Pascal v. Nissan N. Am., Inc.*,
   2021 WL 8441763 (C.D. Cal. July 8, 2021) ............................................................ 4

*Rowland v. Bissell Homecare, Inc.*,
   73 F.4th 177 (3rd Cir. 2023) ............................................................................. 1, 3, 4

*Sanchez v. Kia Motors Am., Inc.*,
   No.  2021 WL 4816834 (C.D. Cal. Aug. 9, 2021) ................................................... 4

*Sloan v. Gen. Motors LLC,*
   2020 WL 5517244 (N.D. Cal. Sept. 14, 2020) ................................................... 4, 5

*Suber v. Chrysler Corp.*,
   104 F.3d 578 (3d Cir. 1997) ..................................................................................... 3

**Statutes**

15 U.S.C. § 2310(d)(3)(A) ............................................................................................ 2

15 U.S.C. § 2310(d)(3)(B)…………………………………………………………...2

15 U.S.C. § 2310(d)(3)(C) ............................................................................................ 4

28 U.S.C. § 1367(a) ....................................................................................................... 2

## I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiffs' putative class action alleges that FCA US LLC ("FCA") caused harm to Plaintiffs and Class Members when it sold them vehicles equipped with defective 3.6L Pentastar V6 Engines, thus, entitling them to relief, including compensation for damages. *See* First Amended Class Action Complaint ("FAC" or "Complaint") D.I. 34 ¶¶ 3, 13.[1] Discovery is ongoing, with fact discovery set to close in January 2025. *See* D.I. 140. FCA previously moved to dismiss the Complaint. *See* D.I. 46. The Court granted FCA's motion except as to Plaintiffs' breach of implied warranty and unjust enrichment claims. *See* D.I. 84, D.I 85. *id*. On February 17, 2023, Plaintiffs moved to reargue their UCL and MMA Claims. *See* D.I. 89. Subsequently, on July 10, 2023, the Third Circuit Court of Appeals held that the Class Action Fairness Act ("CAFA") "does not displace the MMWA's [one hundred] named-plaintiff requirement and thus cannot serve as a basis for federal jurisdiction over MMWA class actions." *See Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 185 (3rd Cir. 2023). Seven months later, on February 14, 2024, FCA filed its Answer to the Complaint, *see* D.I. 107, and jointly submitted a stipulation with Plaintiffs reviving Plaintiffs' MMWA claim (to the extent it was premised on implied warranty claims) (the "Stipulation"), pursuant to the Court's order of February 2, 2024. *See* D.I. 105; 108. On February 20, 2024, the Court entered its Order regarding the Stipulation. D.I. 112. Six months later, on August 28, 2024, over a year after the Third Circuit Court of Appeals decided *Rowland*, FCA filed its Motion to Dismiss Count III of Plaintiffs' First Amended Class Action Complaint for Lack of Jurisdiction. *See* D.I. 147. This Opposition follows.

## II.     SUMMARY OF ARGUMENT

This Court should not dismiss Plaintiffs' MMWA claims for lack of jurisdiction to the extent the MMWA claims are brought on behalf of the 10 individuals named in the Complaint because the Court has original and supplemental jurisdiction over those claims. *See* 15 U.S.C. §

---

[1] All citations to the Complaint [D.I. 34] are abbreviated as "¶". All capitalized terms have the same meaning as defined in the Complaint. All emphasis is added and internal quotations omitted unless otherwise noted.

2310(d)(3)(A) and (B); *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177 (3rd Cir. 2023).

### III.    CONCISE STATEMENT OF FACTS

Plaintiffs filed their FAC including ten named plaintiffs on May 18, 2022. *See* D.I. 34.

On February 7, 2023, the Court granted FCA's Motion to Dismiss the FAC as to all of Plaintiffs' claims except for breach of implied warranty and unjust enrichment. *See* D.I. 84; 85.

On July 10, 2023, the Third Circuit decided *Rowland* in the context of a remand.

On February 20, 2024, the Court ordered the parties, in accordance with their joint stipulation, to revive Plaintiffs' MMWA claim "to the extent it is premised on Plaintiffs' surviving implied warranty claims." *See* D.I. 112 at 2; *see also* D.I. 104.

On June 13, 2024, the Court denied Plaintiffs' Motion for Leave to File a Second Amended Complaint. *See* D.I. 137. (Plaintiffs' proposed Second Amended Complaint sought, in part, to supplement the number of named plaintiffs and allege their claims on an individual and class wide basis. *See* D.I. 128.)

### IV.    ARGUMENT

#### A.    Federal District Courts in the Third Circuit May Exercise Jurisdiction over the Individual Named Plaintiffs' Claims According to the Plain Language of the MMWA

The plain language of the MMWA allows plaintiffs to file individual claims for violations of the Act in federal district courts, provided that the amount in controversy of any individual claim is more than the sum or value of $25 and if the amount in controversy is more than $50,000 (exclusive of interest and costs) when added to all the value of the claims to be adjudicated in the suit.  *See* 15 U.S.C. § 2310(d)(3)(A) and (B). Since the amount in controversy factors are satisfied in this case, according to the plain language of the MMWA, it is appropriate for this Court to exercise its jurisdiction over Plaintiffs' individual claims.

**B.  Federal District Courts in the Third Circuit May Exercise Supplemental Jurisdiction over MMWA Claims When Those Courts Have Original Jurisdiction over Other Claims Plaintiffs Alleged in the Complaint**

Supplemental jurisdiction over MMWA claims under 28 U.S.C. § 1367(a) is still available to federal district courts in the Third Circuit. Indeed, in *Rowland*, the Third Circuit explicitly contemplated that a "a district court could exercise supplemental jurisdiction over an MMWA claim where the complaint contained other claims with original jurisdiction." *Rowland,* 73 F.4th at 183 citing (*Suber v. Chrysler Corp.*, 104 F.3d 578, 589 (3d Cir. 1997), *as amended* (Feb. 18, 1997) (if plaintiff can establish original jurisdiction with the federal district court with other claims, the district court can exercise supplemental jurisdiction over the MMWA claim).[2] This Court unquestionably has jurisdiction over Plaintiffs' other surviving claims in this matter (*e.g.*, Plaintiffs' implied warranty and unjust enrichment claims) under both diversity and CAFA standards. Therefore, at a minimum, this Court may properly exercise supplemental jurisdiction over Plaintiffs' individual MMWA claims.

Indeed, a plain reading of *Rowland* suggests that a federal district court can even exercise supplemental jurisdiction over MMWA class claims in the absence of 100 named-plaintiffs where that federal district court has original jurisdiction over other claims in the case. Notably, none of the cases cited in *Rowland* involved a class action complaint alleging any claims other than MMWA violations. *See* 73 F.4th at 179, 183 n. 10. Stated differently, in *Rowland* and in each of the cases considered therein, MMWA was the single and only claim plaintiffs brought, whereas in the case at hand, Plaintiffs' MMWA claims are supplemental to Plaintiffs' implied warranty claims.

While the Third Circuit has not explicitly addressed whether the federal district courts can exercise supplemental jurisdiction over MMWA claims on a class basis or on an individual basis in the absence of 100 named-plaintiffs when MMWA claims are not the only claims alleged,

---

[2] *Suber* was decided years before CAFA was enacted. However, in light of the Third Circuit's decision in *Rowland*, it is clear that as long as a federal district court has original jurisdiction in any manner, supplemental jurisdiction can be exercised by that district court.

district courts in the Ninth Circuit have examined a case analogous to *Rowland*, *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1032-35 (9th Cir. 2020)[3], and have concluded that federal district courts may exercise supplemental jurisdiction over individual claims for violations of the MMWA in class actions including in automotive class actions.  *See Sanchez v. Kia Motors Am., Inc.*, No.  2021 WL 4816834, at *9 (C.D. Cal. Aug. 9, 2021) ("Nothing in the MMWA prohibits Plaintiffs from maintaining individual actions, and this Court has previously stricken plaintiffs' class claims and allowed plaintiffs to proceed on an individual basis when they fail to meet the MMWA's numerosity requirement.") citing (*See Pascal v. Nissan N. Am., Inc.*, 2021 WL 8441763, at *6 (C.D. Cal. July 8, 2021)). *See also Chiulli v. Am. Honda Motor Co.*, 690 F. Supp. 3d 1038, 1049 (N.D. Cal. 2023) (dismissing MMWA class claims but not MMWA claims brought in an individual capacity); *Sloan v. Gen. Motors LLC,* 2020 WL 5517244, at *5 (N.D. Cal. Sept. 14, 2020) (rejecting defendant's argument that individual MMWA claims must be dismissed in light of *Floyd* where plaintiffs requested that the "Court strike— rather than dismiss—the class allegation in Count 1 [MMWA] with leave to amend, in the event that Plaintiffs later assemble sufficient individuals to replead the class claim").

It is accordingly appropriate for this Court to exercise its supplemental jurisdiction over Plaintiffs' MMWA claims to the extent those claims are brought on behalf of the 10 individually named Plaintiffs, even in the absence of 100 named Plaintiffs in the Complaint.

### C.     The Text of the MMWA Does Not Preclude Federal District Courts in the Third Circuit from Hearing Individual Claims in Class Actions

To the extent FCA may seek to argue that individuals' MMWA claims cannot be heard in a class action based on the text of 15 U.S.C. § 2310(d)(3)(C) ("if the action is brought as a class action, and the number of named plaintiffs is less than one hundred"), that argument was already considered and rejected by a Michigan district court, in *Sloan,* where the court stated: "[Defendant] reads subsection (C) not as a limit on MMWA class action but as an override of jurisdiction over

---

[3] This case was cited approvingly by the Third Circuit in *Rowland*.  *See* 73 F.4th at 183.

individual claims where any class claim is asserted. This is a strained and unnatural reading of the statute." *Sloan*, 2020 WL 5517244, at *5.

As was the case in *Sloan*, here, the Court should hear the 10 Plaintiffs' individual MMWA claims even where those claims are alleged in a class action complaint.

## V.      CONCLUSION

For the foregoing reasons, the Court should deny FCA's motion to dismiss Plaintiffs' MMWA claims to the extent the claims are alleged on behalf of the 10 individual named Plaintiffs.

Dated: September 11, 2024                    Respectfully submitted,

                                             */s/  Jason Z. Miller*
                                             Kelly A. Green (DE Bar No. 4095)
                                             Jason Z. Miller (DE Bar No. 6310)
                                             **SMITH, KATZENSTEIN & JENKINS, LLP**
                                             1000 N. West Street, Suite 1501
                                             Wilmington, DE 19801
                                             Tel.: (302) 504-1656
                                             Fax: (302) 652-8405
                                             Email: kag@skjlaw.com
                                                         jzm@skjlaw.com

                                             Russell D. Paul (Bar No. 4647)
                                             **BERGER MONTAGUE PC**
                                             800 N. West Street, Suite 200
                                             Wilmington, DE 19801
                                             Tel.: (302)- 691-9545
                                             Email: rpaul@bm.net

                                             Amey J. Park (*pro hac vice*)
                                             Abigail J. Gertner (*pro hac vice*)
                                             Natalie Lesser (*pro hac vice*)
                                             **BERGER MONTAGUE PC**
                                             1818 Market Street, Suite 3600
                                             Philadelphia, PA 19103
                                             Tel.: (215) 875-3000
                                             Fax: (215) 875-4604
                                             Email: apark@bm.net
                                                         agertner@bm.net
                                                         nlesser@bm.net

Steven Calamusa (*pro hac vice*)
Geoffrey Stahl (*pro hac vice*)
Rachel Bentley (*pro hac vice*)
**GORDON & PARTNERS, P.A.**
4114 Northlake Blvd.,
Palm Beach Gardens, FL 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050
scalamusa@fortheinjured.com
gstahl@fortheinjured.com
rbentley@fortheinjured.com

Tarek H. Zohdy (*pro hac vice*)
Cody R. Padgett (*pro hac vice*)
Laura E. Goolsby (*pro hac vice*)
Nathan N. Kiyam (*pro hac vice*)
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Tel.: (310) 556-4811
Fax: (310) 943-0396
Email: Tarek.Zohdy@capstonelawyers.com
        Cody.Padgett@capstonelawyers.com
        Laura.Goolsby@capstonelawyers.com
        Nate.Kiyam@capstonelawyers.com

Theodore Leopold (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com

Geoffrey A. Graber (*pro hac vice*)
Karina G. Puttieva (*pro hac vice*)
Blake R. Miller (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW East Tower, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:(202)408-4699
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com
brmiller@cohenmilstein.com

*Attorneys for Plaintiffs and the Class*

6