# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETIENNE MAUGAIN, *et al.*, ) | |
| ) | C.A. No. 1:22-cv-00116-JLH |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | |
| FCA US LLC, ) | |
| ) | |
| *Defendant*. ) | |

**DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION
TO DIMISS COUNT III OF PLAINTIFFS' FIRST AMENDED
CLASS ACTION COMPLAINT FOR LACK OF JURSIDCITON**

**ECKERT SEAMANS CHERIN & MELLOTT**

Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
T: (302) 574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**KLEIN THOMAS LEE & FRESARD**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 N. Broadway, Suite 1600
St. Louis, Missouri 63102
T: (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

**TABLE OF CONTENTS**

**Page**

Table of Authorities ........................................................................................................................ ii

I.  INTRODUCTION .............................................................................................................. 1

II.  ARGUMENT ..................................................................................................................... 1

      A.      The MMWA's Plain Language. .............................................................................. 1

      B.      Supplemental Jurisdiction. ..................................................................................... 3

III.  CONCLUSION .................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Awalt v. Gen. Motors, LLC*, 2023 WL 2743294 (D.Mass. 2023) ................................................... 2

*Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027 (9th Cir. 2020) ....................................... 4, 5

*Franzini v. Bissell Homecare, Inc.*, 2024 WL 3366035 (E.D.N.Y. 2024) ..................................... 3

*Ghaznavi v. De Longhi Am., Inc.*, 2023 WL 4931610 (S.D.N.Y. 2023) ....................................... 4

*Granato v. Apple Inc.*, 2023 WL 4646038 (N.D.Cal. 2023) .......................................................... 4

*Lester v. CVS Pharm., Inc.*, 2024 WL 1312935 (S.D.N.Y. 2024 ................................................... 1

*Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183 (S.D. Fla. 2021) ............................... 1, 2

*Powell v. Subaru of America, Inc.*, 502 F.Supp.3d 856 (D.N.J. 2020) .......................................... 3

*Rowland v. Bissell Homecare, Inc.,* 73 F.4th 177 (3rd Cir. 2023) ............................................... 3, 4

*Williams v. Samsung Elec. America, Inc.*, 2024 WL 1328133 (D.N.J. 2024) ............................... 3

**Statutes**

Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d) ..................................... *passim*

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) ................................................. 4,5

Supplemental Jurisdiction, 28 U.S.C. § 1367 ........................................................................... 3, 4

## I. INTRODUCTION

Plaintiffs essentially concede that their class claims under the MMWA fail. They try to salvage their individual MMWA claims.[1] But the same reasons that compel dismissal of the former also compel dismissal of the latter.

## II. ARGUMENT

### A. The MMWA's Plain Language.

Without citing any supporting authority, Plaintiffs argue the plain language of the MMWA permits their individual claims so long as they meet its amount-in-controversy requirements. *See* D.I. 150, p. 2. There are two separate and independent reasons their position fails.

*First*, the MMWA's amount-in-controversy requirement is beside the point. Plaintiffs brought their claims, including those asserted under the MMWA "as a class action" in federal court. *See* D.I. 1. And the MMWA mandates that "[n]o claim" is cognizable if, among other things, the "action is *brought as a class action*, and the number of named plaintiffs is less than one hundred." *See* 15 U.S.C. § 2310(d)(3) (emphasis added).

Because there are not at least one hundred named plaintiffs here, the MMWA's plain text does not save Plaintiffs' MMWA claims, but instead *bars* them regardless of whether they are class-wide or individually asserted. *See, e.g.*, *Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183, 1206 (S.D. Fla. 2021) ("Plaintiffs' *individual MMWA claims cannot survive* given its statutory text, which divests this Court of jurisdiction.") (emphasis added); *see also Lester v. CVS Pharm., Inc.*, 2024 WL 1312935, *8 (S.D.N.Y. 2024) ("This Court joins with those others who

---

[1] *See* Plaintiffs' Answering Brief in Opposition, D.I. 150, p. 1 (arguing Court should not dismiss the ten plaintiffs' individual MMWA claims).

- 1 -

find that a failure to meet these stringent requirements of [§] 2310(d)(3) bars a claim under the MMWA.").

Just as it is with any other statute, "the interpretation of the MMWA begins with its text and the presumption that Congress says in a statute what it means." *Lewis*, 530 F.Supp.3d at 1206. "Here, *it is difficult to conceive how the text could be any clearer*: the 100-named-plaintiff limitation applies to the second category (federal district courts), but not the first (courts of competent jurisdiction in any State or the District of Columbia)." *Id.* (emphasis added, parentheticals in original) (citing 15 U.S.C. § 2310(d)(3) (providing restrictions for "a suit brought under paragraph (1)(B) of this subsection")). Which is to say, again, that "[*n*]*o claim* shall be cognizable [in federal court] … if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." *See* 15 U.S.C. § 2310(d)(3); *see also Awalt v. Gen. Motors, LLC*, 2023 WL 2743294, *4 (D.Mass. 2023) ("[T]he text of the MMWA contains a clear requirement that *any* class action complaint brought pursuant to the statute name at least 100 plaintiffs.") (emphasis added).

Plaintiffs' MMWA claims here, both representative and individual, are brought in federal court in a case filed "as a class action," *see* D.I. 34,[2] and there is no disputing the absence of at least one hundred named plaintiffs. "*No claim* shall be cognizable in [those circumstances]." *See* 15 U.S.C. § 2310(d)(3) (emphasis added). The Court lacks jurisdiction over Plaintiffs' MMWA claims and should dismiss Count III.

*Second*, even *if* the amount-in-controversy requirements made any difference here (they don't), Plaintiffs' pleadings belie the wholly conclusory assertion that jurisdiction exists because the "amount in controversy factors are satisfied in this case." *See* D.I. 150, p. 2. Although each

---

[2] *See* First Amended Class Action Complaint, D.I. 34 ("FAC").

Plaintiff avers paying for repairs at some point several years ago, no Plaintiff pleads experiencing any other problems since those repairs; and the collective "sum or value" of the repairs they received adds up to less than $50,000. *See*, *generally*, D.I. 34, ¶¶ 25-155; *see also* 15 U.S.C. § 2310(d)(3)(B) (requiring at least "the sum or value of $50,000"). All told, giving them every benefit of the doubt, Plaintiffs' repairs amount to less than $30,000.[3]

**B.      Supplemental Jurisdiction.**

Plaintiffs next rely on outlier authority for the notion that 28 U.S.C. § 1367(a) "is still available" for supplemental jurisdiction over their MMWA claims. *See* D.I. 150, p. 3. But, in the Third Circuit and elsewhere, supplemental jurisdiction cannot be used as a "jurisdictional backdoor." *See Franzini v. Bissell Homecare, Inc.*, 2024 WL 3366035, *5 (E.D.N.Y. 2024), *report and recomm. adopted*, 2024 WL 3755297 (E.D.N.Y. 2024); *see also Williams v. Samsung Elec. America, Inc.*, 2024 WL 1328133, *5 (D.N.J. 2024) ("courts consistently find that Paragraph Three [of the MMWA requiring at least one hundred named plaintiffs] *illustrates Congress' desire to limit a federal court's ability to hear MMWA claims*") (emphasis added); *Powell v. Subaru of America, Inc.*, 502 F.Supp.3d 856, 899 (D.N.J. 2020)**Error! Bookmark not defined.** (dismissing MMWA claim despite the plaintiffs' assertion of supplemental jurisdiction under 28 U.S.C. § 1367 through their surviving claims).

To be sure, the court in *Rowland v. Bissell Homecare, Inc.*, remarked in a footnote that it had "suggested" (in an opinion two decades earlier) "a district court *could* exercise supplemental

---

[3] The pleaded repair-related expenses total $26,678.40. Maugain avers $2,400, *see* D.I. 34, ¶ 34; Kundrath alleges paying "over $2,000," *see id.* at ¶ 49; Shumate pleads a cost of $573.34 for "an engine tune-up," *see id.* at ¶ 60; Hunter avers paying "over $2,200," *see id.* at ¶ 72; Cantu asserts $2,243.43, *see id.* at ¶ 85; Reichlen claims being charged $1,735.44, *see id.* at ¶¶ 97-98; Archer "paid approximately $2,319.33," *see id.* at ¶ 112; Dreikosen states he "paid $3,252.56," *see id.* at ¶ 125; according to Esteves, repairs cost him $5,210.56, *see id.* at ¶ 138; and Skleres alleges paying $3,743.74, *see id.* at ¶ 151.

jurisdiction over an MMWA claim where the complaint contained other claims with original jurisdiction," 73 F.4th 177, 183 n.10 (3rd Cir. 2023) (emphasis added), *but* that is not what *Rowland* held, nor has that been the recent trend in cases post-dating the authority Plaintiffs rely on. *See, e.g.*, *Ghaznavi v. De Longhi Am., Inc.*, 2023 WL 4931610, *8 (S.D.N.Y. 2023) (recognizing "[t]he trend has shifted away from this view [of a second jurisdictional door for MMWA plaintiffs to access federal forums]").

Although specifically discussing CAFA jurisdiction, the *Ghaznavi* court's analysis applies all the same to supplemental jurisdiction under 28 U.S.C. § 1367:

> In 2020, the Ninth Circuit issued a published opinion determining that *the MMWA is the exclusive vehicle for federal class actions raising claims under that statute* [citing *Floyd* v. *Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1032-35 (9th Cir. 2020)]. The Third Circuit reached the same conclusion earlier this year [citing *Rowland*, 73 F.4th at 180-83]. Courts following this approach focus primarily on the language of the MMWA and the interpretive presumption against repeal by implication. To the first point, they note that the MMWA is unequivocal that "**no claim shall be cognizable** in a suit brought under paragraph (1)(B) of this subsection" (in other words, in federal court) unless its jurisdictional requirements are satisfied [citing 15 U.S.C. § 2310(d)(3)].

*Ghaznavi*, 2023 WL 4931610 at *8 (italicized emphasis added, bolded emphasis in original); *see also Rowland*, 73 F.4th at 181 (relying on dictionary definitions of "cognizable" to conclude that Congress intended paragraph (1)(B) to be the exclusive means of federal jurisdiction over MMWA claims).

Plaintiffs entirely ignore the argument made in FCA US's opening brief that 28 U.S.C. § 1367(a) plainly acknowledges supplemental jurisdiction does not apply when another federal statute "expressly provide[s] otherwise"—and the MMWA expressly provides otherwise. *See* 15 U.S.C. § 2310(d)(3) ("[n]o claim shall be cognizable …"); *see also Granato v. Apple Inc.*, 2023 WL 4646038, *3 (N.D.Cal. 2023) ("Because the statutory numerosity requirement is one such specific limitation on this Court's ability to exercise jurisdiction, the availability of supplemental

- 4 -

jurisdiction cannot overcome that limitation any more than the availability of CAFA diversity jurisdiction could in *Floyd*. To hold otherwise would effectuate an implied repeal of the MMWA's statutory limits.").

The MMWA bars Plaintiffs' claims, both class and individual, because there are less than one hundred named plaintiffs, and Plaintiffs cannot use supplemental jurisdiction as a "jurisdictional backdoor" to yield a different result.

### III. CONCLUSION

For the reasons set forth herein and in its opening brief, the Court should dismiss Count III of Plaintiffs' First Amended Class Action Complaint.

Dated: September 18, 2024          Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

 /s/ *Patrick M. Brannigan*
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T: (302) 574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**KLEIN THOMAS LEE & FRESARD**
Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 N. Broadway, Suite 1600
St. Louis, Missouri 63102
T: (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

    The undersigned certifies that on September 18, 2024, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

                                                       /s/ *Patrick M. Brannigan*