

Eckert Seamans Cherin & Mellott, LLC  
222 Delaware Avenue  
7th Floor  
Wilmington, DE 19801

TEL: 302 574 7400  
FAX: 302 574 7401

Patrick M. Brannigan, Esquire  
pbrannigan@eckertseamans.com  
302.574.7406

**VIA CM/ECF**

Magistrate Judge Sherry R. Fallon  
J. Caleb Boggs Federal Building  
Unit 14  
Room 6100  
Wilmington, DE 19801

Jan. 6, 2025

        **Re:** *Maugain, et al. v. FCA US LLC*, C.A. No. 1:22-cv-00116-JLH

Dear Judge Fallon:

Defendant FCA US LLC writes to address the parties' disputes on (i) Plaintiffs' in-person appearances for a deposition within this District's boundaries and (ii) FCA US's private, non-destructive inspections of Plaintiffs' vehicles without Plaintiffs, their attorneys, or other representatives in attendance.[1]

**Depositions In The District**

The scheduling order in this case incorporates the well-known general rule that "a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district." *See* D.I. 88, p. 3;[2] *see also Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D.Del. 2010) (same).

A court may find that the circumstances of a particular situation warrant departing from that general rule, *see* Fed. R. Civ. P. 26(c)(1), but such a finding requires "good cause," and whether good cause exists depends on "whether the party requesting such a departure has set forth an unreasonable hardship or special circumstances warranting the departure," *Fallgatter v. EF Educ. Tours*, 2024 WL 4536456, *5 (M.D.Penn. 2024).[3]

---

[1] *See* D.I. 174 (motion), D.I. 181 (order).

[2] This same provision appears in Judge Noreika's form scheduling order.

[3] "This default rule is subject to the Court's power to grant a protective order under Federal Rule of Civil Procedure 26(c)(1)." *Fallgatter*, 2024 WL 4536456 at *5; *see also Loughran v. PepsiCo, Inc.*, 2024 WL 328740, *2 (D.N.J 2024) (same).



Here, Plaintiffs rely on a few lines each in a letter their counsel wrote, purporting to offer why a remote deposition "*may* alleviate" the "substantial stresses and burden" of appearing for an in-person deposition within this District.[4] *See* Ex. A (emphasis added). *But* Plaintiffs chose to bring their suit in Delaware, and they fail make a "particularized showing" of any "burden" or "extreme hardship" associated with their travel here for a deposition. *Fallgatter*, 2024 WL 4536456 at *5; *see also In re Chrysler Pacifica Fire Recall Products Liability Litig.*, -- F.Supp.3d --, 2024 WL 3048495, *4 (E.D.Mich. 2024) (same).

Furthermore, having filed their claims in this District, and proposing that the Court appoint *each of them*, individually, to act as representatives for the putative class, *see* D.I. 34, ¶ 905, "mean[s] that *the expense and burden of personal participation was foreseeable* [to Plaintiffs] at the outset of their suits." *In re Chrysler Pacifica*, 2024 WL 3048495 at *4 (emphasis added). At the same time, specifically "*to offset th[at] burden and expense*," Rule 23 thus allows "for individual compensation to be paid to the named plaintiffs in the event that the case proceeds on a class basis, and if they secure a recovery for the benefit of the class." *Id.* (emphasis added).

For their collective request to appear remotely, three plaintiffs cite medical conditions and six refer to work schedules or dependent care.[5] *See* Ex. A. None of what Plaintiffs point to, however, amounts to good cause. *See, e.g., In re Chrysler Pacifica*, 2024 WL 3048495 at *4 (E.D.Mich. 2024) (noting question of whether the plaintiffs "have elaborated a sufficiently serious and specific hardship to warrant protective relief from the Court compelling a departure from the general rule"); *Mglej v. Garfield Cnty.*, 2014 WL 7010814, *1-2 (D.Utah 2014) (although travel "may be difficult and costly, it is "not unduly so," and plaintiffs "should [have] assume[d]" that their depositions would be conducted in the district where they filed suit).

*The Cited Medical Conditions*: Although Plaintiff Shumate "is a disabled veteran," Reichlen reports "heart disease," and Skleres has "Aortic Stenosis," none claim these conditions prevent their travel for other reasons. *See* Ex. A, p. 1. Notably, FCA US indicated it would likely agree to remote depositions for these Plaintiffs if they would provide a declaration verifying their circumstances and confirming the condition was sufficiently serious so as to prevent travel for trial too. Plaintiffs have not responded to that offer.

Without more, *e.g.*, facts, corroboration, the stated conditions do not warrant departure from the general rule. *See, e.g., Est. of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 388 n.3

---

[4] No Plaintiff provides any affidavit or declaration, relying instead on their counsel's informal, unsworn representations. *See* Ex. A; *see also Hui Wang v. Omni Hotels Mgmt. Corp.*, 2019 WL 2083296, *8 (D.Conn. 2019) ("To show 'good cause' for a protective order, one must make a threshold showing. *Counsel's factual statements ... do not themselves constitute evidence.*") (emphasis added).

[5] Cantu, a tenth plaintiff, agreed to, and did, appear for an in-person deposition in this District.



(S.D.N.Y. 2011) (assertions of "deteriorated" health insufficient to support position that deposition should occur remotely where plaintiff had not provided any information about her health).

*Dependent Care Obligations*: Three plaintiffs profess concerns about dependent-related care. Maugain reports he drives his children to and from school; Dreikosen says he "has a special needs son"; and Kundrath's wife "is currently recovering from a broken hip." *See* Ex. A, p. 2. Plaintiffs offer no other facts, nor do they suggest they are incapable of arranging for alternative accommodations. And, for Kundrath, since the time of his counsel's letter three months ago, it may be that his wife has recovered, or is very near to recovery, at this point.

In any event, dependent care is an "expected" inconvenience that "fall[s] short of showing a sound basis or legitimate need for an order mandating remote depositions." *Troxel v. Gunite Pros, LLC*, 2022 WL 2762905, *1 (S.D.Ala. 2022); *see also Steele v. Norfolk Southern Railway Co.*, 2019 WL 13109924, *1 (E.D.Mich. 2019) (arranging for dependent care is an "ordinary inconvenience[] and expense[] associated with litigation in the forum chosen by [plaintiff]").

Even when a court is "sympathetic" to a need, *e.g.*, the plaintiff is "the sole caretaker" of someone with "a number of medical problems" (circumstances which no Plaintiff here claims), such is an insufficient reason to excuse oneself from the in-district, in-person requirement." *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, 2021 WL 5043289, *4 (S.D.Cal. 2021); *see also Postley v. Hous. Auth. of the City of Hot Springs, Ark.*, 2017 WL 634513, *3 (W.D.Ark. 2017) ("Plaintiff claims that she … has no one to care for her children … [and] seeks to be deposed by remote means. [This is] not sufficient to establish good cause so as to avoid the application of the general rule that a plaintiff must make herself available for deposition in the district in which suit was brought."); *Fenerjian v. Nong Shim Co., Ltd*, 2016 WL 1019669, *3 (N.D.Cal. 2016) ("[Plaintiffs] would face the usual difficulties and inconveniences in attending an out-of-state deposition—work and childcare responsibilities. Plaintiffs chose to serve as named representatives in this putative class action, and part of prosecuting a claim is appearing for a deposition, even when not entirely convenient."); *U.S. v. Real Prop. Located at 700 N. 14th St., Springfield, Illinois*, 2013 WL 5595952, *1-2 (C.D.Ill. 2013) (rejecting argument that requiring plaintiff to travel for deposition will cause an undue hardship because she has "no one else to care for her mother").

*Work Schedules*: Archer ("a firefighter"), Dreikosen ("a self-employed accountant"), Hunter ("works security in a public school"), and Esteves ("an airline operations manager") all report "limited availability" or "limited time off." But, here again, this is no burden that is "undue" or imposes an "extreme hardship":

> The inconvenience Plaintiff faces in fitting his work schedule around a deposition is the same inconvenience facing any plaintiff who chooses to file a civil case.



> Although Plaintiff claims he will have to miss multiple days of work to fly to Minnesota for a deposition, this argument is unavailing. There are numerous flights between Minneapolis and Boston every day, and nothing prevents Plaintiff from returning to Boston in the evening after his deposition is complete."

*Ferrari v. Best Buy Co.*, 2015 WL 13935533, *1-2 (D.Minn. 2015) (emphasis added); *see also Zajac v. Red Wing, LLC*, 2017 WL 11458385, *2 (D.S.C. 2017) ("Plaintiff[] argu[es] that [he] will miss three days of work … [but] the Court does not believe that those hardships satisfy the good cause standard"); *Troxel*, 2022 WL 2762905 at *2 ("While travelling for depositions is inconvenient, a 'reasonable burden or inconvenience' is expected and—if demanded by the opposing party in the absence of good cause counseling a different course—required.").[6]

**Plaintiffs' Vehicle Inspections**
FCA US has requested private, *non-destructive* inspections of plaintiffs' vehicles. *See, e.g., Ramos v. Carter Exp. Inc.*, 292 F.R.D. 406, 409-10 (S.D.Tex. 2013) ("when courts compel production of materials for non-destructive testing, they habitually refuse to allow the presence of an opposing party").

Under such circumstances, the work product doctrine protects the "working-out of [FCA US's] interpretation of facts and testing of its defenses," and Rule 26 protects against the disclosure of "information about the facts known and opinions held by [FCA US's] consulting experts. *Rasnic v. FCA US LLC*, 2018 WL 3861167, *7-9 (D.Kan. 2018) (citing *Shoemaker v. Gen. Motors Corp.*, 154 F.R.D. 235, 236 (W.D. Mo. 1994)).

Put simply: "Defendant's attorney, and its consulting expert, are entitled to determine 'what to test and how'—to prepare their own theories and defenses—outside the watchful eye of Plaintiffs." *Rasnic*, 2018 WL 3861167 at *8; *see also Hajek v. Kumho Tire Co., Inc.*, 2009 WL 2229902, *5 (D.Neb. 2009) ("presence of plaintiffs' counsel during the examinations by defendants' experts violates the work product doctrine").

As FCA US has offered, Plaintiffs may drop their vehicles off the morning of the inspection or the evening before at the FCA US-authorized dealership they choose. During the inspection, the vehicle may be taken for a test drive. FCA US will arrange for a loaner or rental vehicle while Plaintiffs are without their vehicle and reimburse plaintiff for mileage incurred during the test

---

[6] No Plaintiff expresses any such concern, but fear of termination alone is also not a sufficient reason. *See, e.g., Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, 2021 WL 6617307, *1 (S.D.Ga. 2021) (denying remote depositions where, despite expressed concern of losing job due to length of time he would be away, plaintiff provided no details about the leave policy of his employer).



drive or, at the plaintiff's election, have $10 worth of gas put in the vehicle. Finally, Plaintiffs' vehicles will be ready for pickup by the close of business that same day.

There is no basis to find that Plaintiffs will be prejudiced if FCA US is allowed to conduct its simple, non-destructive inspection and testing outside Plaintiffs' presence or that of their counsel and experts. For one thing, Plaintiffs "would not otherwise be entitled to the privileged information developed by a nontestifying expert," and, for another, should FCA US choose to designate its consulting expert as a testifying expert, "information about the proposed examination would, *then*, be subject to discovery pursuant to Rule 26(b)(4)(A)." *Shoemaker*, 154 F.R.D. at 236 (emphasis added); *see also RevoLaze LLC v. J.C. Penney Corp., Inc.*, 2020 WL 1984322, *3 (E.D.Tex. 2020) ("allowing JCP to conduct the testing without the supervision of RevoLaze will best aid the search for truth and will place JCP in the same posture as already held by RevoLaze").

In other words: "unless and until [FCA US] elects to use information from [its] evaluation ... as evidence in this case, [FCA US] *is entitled to protect the work product generated by the inspection*, along with the identities of, and facts known or opinions held by, [FCA US's] consulting experts." *Dreger v. KLS Martin, L.P.*, 2022 WL 1991299, *2 (S.D.Ohio 2022) (emphasis added).

Rules 26(b)(3) and (4) protect the work product and expert privilege aspects of a non-destructive inspection like FCA US seeks to conduct here. *See, e.g., Cottrell v. Dewalt Indus. Tool Co.*, 2009 WL 5213876, *2-3 (N.D. Ill. Dec. 29, 2009) (holding that plaintiff's counsel "is not permitted to be present during the testing and inspection of the Drill, nor is he allowed to videotape the testing"). Thus, when there is no "destructive" quality to the inspection, "the balance of hardships usually tips in favor of allowing the examiner to work in peace." *Diepenhorst v. City of Battle Creek*, 2006 WL 1851243, *1 (W.D.Mich. 2006).

Here, just as in *Smith v. Nexus RVs, LLC*, "Plaintiffs have presented no circumstances unique to this case that outweigh Defendants' justified interest in protecting the impressions of both their counsel and their expert when conducting the proposed nondestructive testing of Plaintiffs' RV." 331 F.R.D. 491, 497 (N.D. Ind. 2019).

Respectfully submitted,

/s/ *Patrick M. Brannigan*
Patrick M. Brannigan, Esquire

# Exhibit A



MICHAEL A. ACKER
RACHEL BENTLEY
JONATHAN B. BUTLER [9]
STEVEN G. CALAMUSA
NATASHA DORCENT
SARAH FELLER
SCOTT M. FISCHER
ROBERT E. GORDON [1,2]
TREVOR M. GORDON
MARK R. HANSON [2,7]
T. GABE HOUSTON [14]
CASSANDRA LOMBARD [8]
CHRISTIAN NESTOR [13]
GARY M. PAIGE
KENNETH B. SCHWARTZ [11,12]
GEOFFREY STAHL [1]
SHERRI STONE [10]

CORY C. STROLLA
ALANA R. WEATHERSTONE
DANIEL G. WILLIAMS [1,3]

OF COUNSEL:
DARREN COVAR
BARBRA PAIGE
GARY RUSSO
TODD STEWART

INVESTIGATORS:
DANIEL OSREDKAR; ASE [4]
RICHARD ZORN

CERTIFIED AUTO APPRAISERS:
CHRIS CALAMUSA [5A]
SAGE CALAMUSA
ADDISON HARTMANN
KATIE RIVERA

ForTheInjured.com

4114 NORTHLAKE BOULEVARD
PALM BEACH GARDENS, FLORIDA 33410
TEL: (561) 333-3333 OR 1 (888) ForTheInjured
FAX: (561) 799-4050

September 25, 2024

BY E-MAIL

Scott H. Morgan
Klein Thomas Lee & Farecard
100 North Broadway, Suite 1600
St. Louis, Missouri 63102
scott.morgan@kleinthomaslaw.com

Re:   *Maugain, et al. v. FCA US LLC* (D.Del.)

Counsel,

We write in response to your correspondence dated September 11, 2024, specifically with respect to Plaintiffs' depositions. We will respond separately to the issues you raised regarding Plaintiffs' written discovery.

Plaintiffs request that FCA take certain Plaintiffs' depositions remotely. Generally, three of the Plaintiffs have medical issues and six have other hardships. With this letter we are providing you the reasons as we best understand them for the below individuals that are requesting a remote deposition. We are also providing you with all Plaintiffs' deposition availability.

1. **Louise Shumate**: Ms. Shumate resides in Tampa, Florida. She is a disabled veteran with limited availability. A remote deposition may accommodate her disability and alleviate these significant stresses and burden. Ms. Shumate is available for a remote deposition on October 3, October 17, October 22, October 29, and November 9.

2. **Harry Reichlen**: Mr. Reichlen resides in Meredith, New Hampshire. He suffers from heart disease. A remote deposition may accommodate his heath condition and alleviate significant stresses and burden. Mr. Reichlen is generally available for a remote deposition in late October and November.

3. **John Skleres**: Mr. Skleres resides in Grace, Maryland. He suffers from Aortic Stenosis. A remote deposition may accommodate his heath condition and alleviate significant stresses and burden. Mr. Skleres is generally available for a remote deposition October 1-18, October 28-November 8, and November 12-26.

4. **Etienne Maugain:** Mr. Maugain resides in Greenbrae, California. He has two young children that he needs to drive to and from school. His partner does not drive. He lives approximately an hour away from an airport. A remote deposition may alleviate these significant stresses and burden. Mr. Maugain is generally available for a remote deposition in late October and November.

5. **Richard Archer**: Mr. Archer resides in Pinson, Alabama. He is a firefighter who often is on call for 24-hour shifts. He is limited on what days he can take off and taking off multiple days from work for an in-person deposition would be a significant financial hardship on his family. A remote deposition may alleviate these substantial stresses and burden. Mr. Archer is generally available for a remote deposition after October 14 until November 22.

6. **Steven Dreikosen**: Mr. Dreikosen resides in Framingham, Massachusetts. He has a special needs son and is a self-employed accountant with limited availability. A remote deposition may alleviate these substantial stresses and burden. Mr. Dreikosen can make himself available for a remote deposition in late October and November, on all weekdays but the following: October 1, October 8, October 15, October 22, October 29, November 5, November 12, November 19, November 22, and November 26-November 29.

7. **Denise Hunter**: Denise Hunter resides in Fort Worth, Texas. She works security in a public school and has very limited time off during the work week. A remote deposition may alleviate substantial stresses and burden. Ms. Hunter is available for a remote deposition on November 25th and 26th.

8. **Leonel Cantu**: Leonel Cantu resides in San Antonio, Texas. He is currently retired and generally available for a deposition in Delaware in October and November.

9. **Kenneth Esteves**: Kenneth Esteves resides in Bellerose, New York. He works as an airline operations manager and has very limited time off during the work week. A remote deposition may alleviate substantial stresses and burden. Mr. Esteves is available for a remote deposition October 29-30 and November 19-20.

10. **John Kundrath**: John Kundrath resides in La Puente, California. He takes care of his wife who is currently recovering from a broken hip. A remote deposition may alleviate substantial stresses and burden. Mr. Kundrath is generally available for a remote deposition in October and November.

Plaintiffs are willing to meet and confer again regarding the issues raised here. Please feel free to contact me. Thank you in advance for your prompt attention to this matter.

Sincerely,

/s/ *Rachel Bentley*
Rachel Bentley, Esq.

OFFICES:
PALM BEACH GARDENS • STUART • PLANTATION

[1]FLORIDA BAR BOARD CERTIFIED CIVIL TRIAL LAWYER  [2]BOARD CERTIFIED CIVIL TRIAL ADVOCATE BY THE NATIONAL BOARD OF TRIAL ADVOCACY  [3]MEMBER OF PENNSYLVANIA & NEW JERSEY BARS
[4]ASE CERTIFIED AUTOMOTIVE TECHNICIAN BY THE NATIONAL INSTITUTE FOR AUTOMOTIVE SERVICE EXCELLENCE  [5]NUCPS; CDR TECHNICIAN, VEHICLE DYNAMICS, CRASH RECONSTRUCTION, CDR DATA ANALYST
[6]I-CAR CERTIFIED  [7]MEMBER OF COLORADO BAR  [8]MEMBER OF MASSACHUSETTS BAR  [9]MEMBER OF GEORGIA BAR  [10]MEMBER OF MAINE BAR  [11]MEMBER OF HAWAII BAR
[12]BOARD CERTIFIED SPECIALISTS IN WORKERS' COMPENSATION LAW  [13]MEMBER OF D.C. BAR  [14]MEMBER OF CALIFORNIA BAR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETIENNE MAUGAIN, *et al.*, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | )<br>)<br>)  Case No. 1:22-cv-00116-JLH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER RESOLVING DISCOVERY DISPUTE**

NOW THIS _____ day of _____, 2025, the Court having duly considered the parties' discovery dispute submissions,

IT IS HEREBY ORDERED THAT (1) Plaintiffs will appear in person for depositions within the District's boundaries; and (2) FCA US is permitted to conduct private, non-destructive inspections of Plaintiffs' vehicles without Plaintiffs, their attorneys, or other representatives in attendance.

_____
Judge Sherry R. Fallon