IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETIENNE MAUGAIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-116-JLH-SRF |
| ) | |
| FCA US LLC, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Presently before the court in this putative consumer class action is a motion to dismiss Count III of the first amended class action complaint ("CAC") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), filed by defendant FCA US LLC ("Defendant").[1] (D.I. 147) For the following reasons, I recommend that the court GRANT the motion to dismiss Count III.

I.  **BACKGROUND**

Plaintiffs are individuals who purchased or leased 2014 or newer Chrysler, Dodge, Jeep, or RAM-branded vehicles equipped with defective 3.6L Pentastar V6 engines (the "Class Vehicles"). (D.I. 34 at ¶ 1) The CAC alleges that the Class Vehicles have a defective 3.6L Pentastar V6 engine (the "Engine") that has defects in components of its valve train and in the electronic and hydraulic modules controlling the timing, phasing, and function of the camshafts, intake valves, lifters, and related components causing the Engine to fail prematurely. (*Id.* at ¶ 4)

---

[1] The briefing associated with the pending motion to dismiss is found at D.I. 148, D.I. 150, and D.I. 151.

Below is a chart setting forth the name, state of residence, and state of purchase or lease of a Class Vehicle for each named plaintiff (collectively, "Plaintiffs"):

| NAME | STATE OF RESIDENCE | REPAIR EXPENSES |
|---|---|---|
| Etienne Maugain | California | $2,400.00 |
| John Kundrath | California | $2,000.00 |
| Louise Shumate | Florida | $573.34 |
| Richard Archer | Alabama | $2,319.33 |
| Denise Hunter | Texas | $2,200.00 |
| Harry Reichlen | New Hampshire | $1,735.44 |
| Stephen Dreikosen | New Hampshire | $3,252.56 |
| Kenneth Esteves | New York | $5,210.56 |
| John Skleres | Maryland | $3,743.74 |
| Leonel Cantu | Texas | $2,243.43 |
| **TOTAL:** | | **$25,678.40** |

(D.I. 34 at ¶¶ 25-155)

## II. DISCUSSION

Defendant moves to dismiss Plaintiffs' Magnuson-Moss Warranty Act ("MMWA") claim under Rule 12(b)(1), which provides that a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The MMWA includes three jurisdictional requirements: (A) the amount in controversy of any individual claim must be more than the sum or value of $25; (B) the amount in controversy must be more than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in the suit; and (C) the number of named plaintiffs must equal or exceed 100 if the action is brought as a class action. 15 U.S.C. § 2310(d)(3). There are ten named Plaintiffs in this putative class action, below the 100 required to bring a MMWA claim in accordance with the applicable statute. *See* 15 U.S.C. § 2310(d)(3)(C). Therefore, I recommend that the court GRANT Defendant's motion to dismiss Count III of the CAC. *See Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 183 (3d Cir. 2023) (holding that the Class Action Fairness Act "does not displace the MMWA's named-plaintiff

requirement and thus cannot serve as a basis for federal jurisdiction over MMWA class actions.").

Plaintiffs implicitly acknowledge that their MMWA claim cannot survive to the extent it is brought as a class claim. However, Plaintiffs argue that its individual claims for violations of the MMWA should survive: "This claim is brought on behalf of the Plaintiffs and the Class, or alternatively, on behalf of all Sub-Classes, against Defendant." (D.I. 34 at ¶ 295) In support, Plaintiffs cite *Sloan v. General Motors LLC*, which acknowledged that the MMWA class allegations were improper for failure to satisfy the numerosity requirement but held that "the MMWA expressly confers federal jurisdiction over individual claims so long as the amount in controversy is satisfied." 2020 WL 5517244, at *5 (N.D. Cal. Sept. 14, 2020).

Although neither party presents binding authority on the issue of whether Plaintiffs may pursue MMWA claims individually when the 100 named plaintiff threshold is not satisfied, at least one decision from within the Third Circuit has rejected the approach taken in *Sloan*. In *Rains v. Jaguar Land Rover North America, LLC*, the plaintiffs cited *Sloan* and argued that they should be permitted to pursue their MMWA claims individually even though they could not pursue them on a class wide basis. 2023 WL 6234411, at *3 (D.N.J. Sept. 26, 2023). The District of New Jersey rejected the plaintiffs' argument and granted the motion to dismiss the MMWA claims without prejudice because the case was brought as a class action. *Id.* at *4. Because this case was "brought as a class action, and the number of named plaintiffs is less than one hundred," the court lacks subject matter jurisdiction under the MMWA. 15 U.S.C. § 2310(d)(3)(C); *see Rains*, 2023 WL 6234411, at *3.

Even if the court were to find *Sloan* more persuasive than *Rains*, the CAC does not plausibly allege that the sum of all claims asserted by Plaintiffs to be determined in this suit

3

meets or exceeds $50,000 under 15 U.S.C. § 2310(d)(3)(B). As set forth in the chart at § I, *supra*, the damages alleged by the ten individual Plaintiffs total $25,678.40. (D.I. 34 at ¶¶ 34, 49, 60, 72, 85, 98, 112, 125, 138, 151) The CAC otherwise contains only a conclusory allegation that "[t]he amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit[,]" with no factual allegations to bridge the gap between the sum of the individual claims and the statutory amount of $50,000. (*Id.* at ¶ 312)

Plaintiffs contend that the court may exercise supplemental jurisdiction over the individual MMWA claims because it has original jurisdiction over the other claims in the case. (D.I. 150 at 3-4) But federal courts may not exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) if a federal statute prohibits it:

> Except . . . as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]

28 U.S.C. § 1367(a). Plaintiffs' MMWA claims fall into this category. The MMWA expressly states that "[n]o claim shall be cognizable" if the three statutory jurisdictional criteria are not met. 15 U.S.C. § 2310(d)(3); *see Williams v. Samsung Elec. Am., Inc.*, 2024 WL 1328133, at *5 (D.N.J. Mar. 28, 2024) (rejecting the plaintiff's argument that the court should exercise supplemental jurisdiction over the MMWA claim even though the 100 named plaintiff requirement was not satisfied); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020) ("Defendant may not use [the Class Action Fairness Act] as a means to evade the explicit jurisdictional requirements of the MMWA" where the plaintiffs failed to satisfy the requirement of at least 100 named plaintiffs). Consequently, Plaintiffs may not use the supplemental

jurisdiction statute as a "jurisdictional backdoor . . . to preserve [the] MMWA claims in federal court[.]" *Franzini v. Bissell Homecare, Inc.*, 2024 WL 3366035, at *5 (E.D.N.Y. July 10, 2024).

Plaintiffs' reliance on the Third Circuit's decision in *Rowland v. Bissell Homecare, Inc.* does not alter the court's analysis. 73 F.4th 177, 183 (3d Cir. 2023). There, the Third Circuit enforced the 100 named plaintiff requirement and dismissed the MMWA claim. *Id.* In dicta, the Third Circuit acknowledged it had "suggested that a district court could exercise supplemental jurisdiction over an MMWA claim where the complaint contained other claims with original jurisdiction," but those circumstances were not before the court. *Id.* at 183 n.10. Subsequent district court case authority has declined to apply the dicta in *Rowland* to assert supplemental jurisdiction when the statutory criteria of the MMWA are not met. *See Williams*, 2024 WL 1328133, at *5 ("[C]ourts consistently find that [the 100 named plaintiff requirement] illustrates Congress' desire to limit a federal court's ability to hear MMWA claims.").

## III.   CONCLUSION

For the foregoing reasons, I recommend that the court GRANT Defendant's motion to dismiss and dismiss Count III without prejudice. (D.I. 147)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 15, 2024

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE