# EXHIBIT A



AMEY PARK / *ASSOCIATE*
d 267.831.4701 | apark@bm.net

September 27, 2024

**By Email**
Scott H. Morgan
Stephen A. D'Aunoy
KLEIN THOMAS LEE & FRESARD
100 N. Broadway, Suite 1600
St. Louis, Missouri 63102
Scott.Morgan@kleinthomaslaw.com
Steve.Daunoy@kleinthomaslaw.com

Patrick M. Brannigan
Jessica L. Reno
ECKERT SEAMANS CHERIN & MELLOTT, LLC
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

Re:   *Maugain v. FCA US LLC,* No. 22-cv-00116 (D. Del.)
      **Plaintiffs' Discovery Responses and Productions**

Counsel,

We write in response to your correspondence dated September 11, 2024 regarding Plaintiffs' discovery responses. We responded regarding depositions in a separate correspondence on September 25, 2024. We are available to meet and confer on the issues in both correspondence on Tuesday, October 1, noon – 3:00 p.m. ET; Wednesday, October 2, 1:00 – 4:00 p.m. ET; or Friday October 4, 1:00 – 4:00 p.m. ET.

I.    WRITTEN DISCOVERY

Plaintiffs provide the following responses regarding purported deficiencies in Plaintiffs' responses and objections to written discovery. Plaintiffs decline to withdraw objections, but offer the following explanations and willingness to meet and confer as more specifically delineated below.

   A.    General Objections

Plaintiffs are not withholding information or documents pursuant to their General Objections unless specifically delineated below.



### 1. Objection on Subparts in Interrogatories

As stated in Plaintiffs' responses, Plaintiffs declined to answer interrogatories 1, 2, 3, and 10 because doing so may waive the subpart objection. Plaintiffs' responses cited *Knit With v. Knitting Fever, Inc.*, 2010 WL 11474937, at *1 n.2 (E.D. Pa. Jan. 22, 2010), which held that "[n]otwithstanding [a responding party's] non-waiver statement, it remains established that if a party selectively answers interrogatories, it has waived its objections [under Rule 33(a)] as to the remaining interrogatories." (citations and internal quotation marks omitted). Indeed, the sole case cited in your correspondence, *Keel v. Delaware State Univ. Bd. of Trustees*, 2021 WL 9649436 (D. Del. 2021) supports Plaintiffs' position in that the Keel court agreed that the contested interrogatory contained multiple discrete subparts. *Id.* at *4. There, the court granted *in part* the propounding party's motion to compel by acknowledging the propounding party's "pragmatic approach" in permitting the responding party to forgo answering the contested subparts. Here, Plaintiffs are willing to meet and confer with FCA regarding which subparts the parties can agree Plaintiffs will answer.

### 2. Undefined Terms

Your correspondence explained that FCA ascribes, and directed that Plaintiffs should ascribe "the generally understood and ordinary meaning of the word." However, reasonable minds may differ how these terms are applied in specific contexts, and FCA gave no further explanation of any terms in its section on specific interrogatories and document requests. Plaintiffs refer to their responses and willingness to meet and confer regarding specific Interrogatories and RFPs, *see* §§ B and C, *infra*.

### 3. Within Defendant's Custody or "Readily Obtainable"

Plaintiffs decline to withdraw their objections, but clarify that they are not withholding any information on this basis.

### 4. Privilege and Work Product Protections

Plaintiffs intend to provide a privilege log for information protected by attorney-client privilege, if any exists. Plaintiffs decline to produce a privilege log or identify information of non-testifying consulting experts or attorney work product.

### 5. Expert Discovery and Future Case Management Order

To the extent FCA's Interrogatories and RFPs seek information of testifying experts, whether research, investigation, opinions, or otherwise, Plaintiffs maintain their objection that FCA prematurely seeks facts and opinions prior to the deadline for expert disclosures. Plaintiffs stand on their objection and will withhold information on this basis, until the time for expert disclosures under the operative scheduling order and Federal Rule of Civil Procedure 26(a)(2).



Page 3 of 7

### B. Specific Interrogatories

<u>No. 1</u>: Plaintiffs stand on their objections. Plaintiffs do not intend to withhold information on the basis of their objection to the undefined term "acquired," and declined to answer this interrogatory solely on the basis of their subparts objection, and *See* § A, *supra*. Interrogatory No. 1 contains at least 3 discrete subparts: VIN, purchase information, and disposition information. Once the parties resolve this dispute, Plaintiffs are willing to provide substantive answers.

<u>No. 2</u>: Plaintiffs stand on their objections. To the extent that this Interrogatory seeks expert information, e.g., causes of the Defect, damage to the Plaintiffs' Class Vehicles, cost of repair, Plaintiffs stand on their objection as improperly seeking non-testifying expert information and prematurely seeking information prior to the time for expert disclosures. *See* § A, *supra*.

Plaintiffs also declined to answer this interrogatory on the basis of their subparts objection. *See* § A, *supra*. Interrogatory No. 2 contains at least 2 discrete subparts: experiences of the Defect and repairs.

Subject to the objections regarding expert information and without waiver to any claims or defenses, Plaintiffs may be willing to respond and not withhold information on the basis of their objection to the undefined terms "condition," "affect," or "symptom" provided that FCA agrees that Plaintiffs would respond on the basis of their personal knowledge and lay experience of the Defect. While Plaintiffs decline to withdraw their objections, subject to the above qualifications, Plaintiffs are willing to provide substantive answers once the parties resolve the subpart dispute.

<u>No. 3</u>: Plaintiffs stand on their objections, including overbreadth in seeking all communications regarding their Class Vehicles. Plaintiffs also declined to answer this interrogatory on the basis of their subparts objection. *See* § A, *supra*. Interrogatory No. 3 contains at least 2 discrete subparts: communications regarding the vehicle and communications relating to the Defect.

Plaintiffs are willing to meet and confer regarding the scope of this Interrogatory and to provide substantive answers once the parties resolve the subpart dispute.

<u>No. 4</u>: Plaintiffs stand on their objections and responses here. Plaintiffs' limitation to incidents reported to insurance attempted to address the vagueness and ambiguity of the terms "accident" and "damage," and FCA has failed to provide specificity or any response to this objection. Plaintiffs also provided substantive answers subject to their objections.

<u>No. 5</u>: Plaintiffs stand on their objections and responses here. FCA has not explained how information regarding all "repairs," "modifications," or "adjustments" is relevant to the claims and defenses here. Moreover, FCA's directive to assume the generally understood and ordinary meaning of the terms "repair," "modification," or "adjustments" does not wholly address Plaintiffs' objection, in that reasonable minds may differ how these terms are applied to Plaintiffs' Class Vehicles. FCA has not explained how aftermarket accessories or modifications that are aesthetic or cosmetic in nature—a reasonable limitation offered by Plaintiffs—is relevant here. Plaintiffs also provided substantive answers subject to their objections.



Page 4 of 7

**No. 6**: Plaintiffs stand on their objections and responses here. To the extent that this Interrogatory seeks expert information, e.g., safety risks from the Defect, Plaintiffs stand on their objection as improperly seeking non-testifying expert information and prematurely seeking information prior to the time for expert disclosures. *See* § A, *supra.* Plaintiffs also stand on their objections that "serious safety risk" is vague and ambiguous. Plaintiffs further stand on their objection to the extent that this Interrogatory seeks information beyond Plaintiffs' personal knowledge, possession, custody, or control. However, Plaintiffs are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.

**No. 7, 8, & 12**: Plaintiffs stand on their objections and responses here. To the extent that this Interrogatory seeks expert information regarding the Defect in or related to component parts (No. 7), relating to instances of injury or property damage from the Defect (No. 8), or damages and relief sought (No. 12), Plaintiffs stand on their objection as improperly seeking non-testifying expert information and prematurely seeking information prior to the time for expert disclosures. *See* § A, *supra.* Furthermore, in response to Interrogatories No. 7 and 8, Plaintiffs provided substantive answers, and your letter fails to identify a specific deficiency in Plaintiffs' response. Accordingly, Plaintiffs' responses are sufficient.

**No. 9**: To the extent that this Interrogatory seeks information regarding the identity of Plaintiffs' experts and the topics of their knowledge, Plaintiffs stand on their objection as improperly seeking non-testifying expert information and prematurely seeking information prior to the time for expert disclosures. *See* § A, *supra.* In addition to referencing facts alleged in their Complaint, which contain information on persons with knowledge, Plaintiffs also provided additional substantive information subject to their objections. Subject to your letter's clarification that the Interrogatory seeks the identity of "those who Plaintiffs know to have, or who they believe have, knowledge of the facts, events, and claims Plaintiffs allege, Plaintiffs are willing to withdraw their objections regarding speculation as to the "knowledge" of persons other than Plaintiff and on the basis of seeking legal conclusions. .

**No. 10**: Plaintiffs stand on their objections. The Interrogatory purports to seek communications and online posts to the public or class members without a time, subject matter, or other clear limitation. Plaintiffs also declined to answer this interrogatory on the basis of their subparts objection. *See* § A, *supra.* Interrogatory No. 10 contains at least 2 discrete subparts: oral and written communications and social media or online posts. However, Plaintiffs are willing to meet and confer regarding the scope of this Interrogatory and regarding the subpart dispute.

**No. 11**: Plaintiffs stand on their objections. Plaintiffs maintain that the information sought is not relevant to the claims or defenses of any party. Further, to the extent this information could be found to be relevant, it is protected by the attorney-client privilege and work product doctrine. Moreover, FCA has failed to present any basis for why this information is needed or demonstrate how this information would be used in the case.

**No. 13**: Plaintiffs stand on their objections and responses. FCA failed to respond substantively to Plaintiffs' objections that seeking the detailed information sought without time limitation is irrelevant, overbroad, and unduly burdensome, which Plaintiffs reasonably limited to "lawsuits or



legal proceedings that were pending within the last ten [] years." Plaintiffs are willing to meet and confer regarding the scope of this Interrogatory.

**No. 14**: Plaintiffs stand on their objections and will serve expert disclosures at the appropriate time under the governing scheduling order and Federal Rule of Civil Procedure 26(a)(2).

### C. Specific Document Requests

**RFP No. 6**: Plaintiffs stand on their objections and responses here. In particular, Plaintiffs reiterate that any applicable arbitration agreements would be within Defendant's own custody, possession, or control, or in the custody, possession, or control of third parties including, without limitation, FCA dealerships, or that are of public record, well-known to, or readily obtainable by Defendant.

**RFP Nos. 8, 9, 11**: Plaintiffs stand on their objections and responses to Nos. 8 (owner's manual), 9 (user guide), and 11 (warranties), specifically that these documents are in within Defendant's own custody, possession, or control. To the extent FCA has additional questions about "notes, inserts, other written recordings", this information can be discovered during depositions.

**RFP No. 23**: Plaintiffs stand on their objections and responses here, but are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.

**RFP No. 27**: Plaintiffs stand on their objections and responses here, but are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.

**RFP No. 28-30**: Plaintiffs stand on their objections and responses here, but are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.

**RFP No. 31**: Plaintiffs stand on their objections and responses here, and specifically reiterate that the term "component parts" is vague and ambiguous. However, Plaintiffs are willing to meet and confer with Defendant to clarify the nature of this Request.

**RFP No. 42**: Plaintiffs stand on their objections and responses here, and specifically reiterate that the term "component parts" is vague and ambiguous. Plaintiffs further stand on their objection that the documents requested are within Defendants' own custody, possession, or control, or in the custody, possession, or control of third parties including, without limitation, FCA dealerships, or that are of public record, well-known to, or readily obtainable by Defendant. However, Plaintiffs are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.

**RFP No. 47-48**: Plaintiffs stand on their objections and responses here, but are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.

**RFP No. 49**: Plaintiffs stand on their objections and responses here, and specifically reiterate that the phrase "All questionnaires and similar types of DOCUMENTS" is vague and ambiguous. Plaintiffs are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.



Page 6 of 7

**RFP No. 51:** Plaintiffs stand on their objections and responses here and reiterate that information regarding other putative class actions is irrelevant to the claims and defenses at issue here. Plaintiffs do clarify that information concerning Plaintiffs' qualifications as adequate class representatives can be discovered during depositions.

**RFP No. 52**: Plaintiffs stand on their objections and responses here and reiterate that information regarding other putative class actions is irrelevant to the claims and defenses at issue here. Plaintiffs do clarify that information concerning Plaintiffs' qualifications as adequate class representatives can be discovered during depositions.

**RFP No. 53**: Plaintiffs stand on their objections and responses here and reiterate that information regarding other putative class actions is irrelevant to the claims and defenses at issue here. Plaintiffs do state that Plaintiffs' qualifications as adequate class representatives can be discovered during depositions.

**RFP No. 56:** Plaintiffs stand on their objections and responses here, but are willing to meet and confer with Defendant to narrow the scope and clarify the nature of this Request.

**RFP No. 57:** Plaintiffs stand on their objections and responses here. Plaintiffs maintain that the information sought is not relevant to the claims or defenses of any party. Moreover, FCA has failed to present any basis for why this information is needed or demonstrate how this information would be used in the case.

**RFP No. 58**: Plaintiffs stand of their objections and responses here, and refer to the draft protocol for inspection sent to counsel for FCA on July 10, 2023 to which Plaintiffs received no response. Plaintiffs are prepared to produce their vehicles for inspection at mutually agreeable times and places once the parties have reached an agreement on the protocol.

**RFP No. 59**: Plaintiffs stand on their objections and responses here. Plaintiffs maintain that the information sought is not relevant to the claims or defenses of any party. Further, to the extent this information could be found to be relevant, it is protected by the attorney-client privilege and work product doctrine. Moreover, FCA has failed to present any basis for why this information is needed or demonstrate how this information would be used in the case.

**RFP No. 60**: Plaintiffs stand on their objections and responses here. In general, "[t]he majority of federal courts considering this issue have ruled that fee agreements are not discoverable." *In Re Riddell Concussion Reduction Litig.*, 2016 WL 7325512, at *2 (D.N.J. Jan. 19, 2016). Where such discovery is granted, the party seeking discovery must make a "preliminary showing of a relevant conflict or a prima facie challenge to the class representatives' adequacy to act as a class representative." *Id*.

**RFP No. 61**: Plaintiffs stand on their objections and responses here. But, when Plaintiffs produce the requisite expert discovery pursuant to Federal Rule of Civil Procedure 26(a)(2) in accordance with the operative scheduling order, Plaintiffs will state whether any documents are being withheld pursuant to the objections.



Page 7 of 7

**RFP No. 63**: Plaintiffs will supplement their production in response to RFP No. 63 to the extent any exist and can be located after a reasonable search and have not previously been produced.

With respect to the illegible or missing documents, the documents identified are not in the Plaintiffs' production and the bates-stamp was not used in this case. It appears counsel may be referencing documents produced in the *Petro v. FCA* case.

==Lastly, Plaintiffs have completed their searches for responsive documents and substantially completed their production==.

## II.     DEPOSITIONS

Plaintiffs responded separately regarding their depositions in correspondence dated September 25, 2024.

Plaintiffs are available Tuesday, October 1, noon – 3:00 p.m. ET; Wednesday, October 2, 1:00 – 4:00 p.m. ET; or Friday October 4, 1:00 – 4:00 p.m. ET to meet and confer regarding the above.

Sincerely,

Amey J. Park