### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETIENNE MAUGAIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-116-JLH-SRF |
| | ) | |
| FCA US LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM ORDER</u>

At Wilmington this **11th** day of **May, 2026**, the court having considered the parties'
briefing and associated filings on Defendant's motion to defer class certification and motions to
exclude expert testimony under Federal Rule of Evidence 702 pending the court's ruling on
Defendant's motion for summary judgment, (D.I. 274; D.I. 275; D.I. 283; D.I. 284; D.I. 286), IT
IS ORDERED that the motion to defer (D.I. 274) is DENIED for the following reasons.

1. **Background.** This case involves a putative class action on behalf of consumers who
purchased or leased 2014 or newer Chrysler, Dodge, Jeep, or RAM-branded vehicles equipped
with allegedly defective 3.6L Pentastar V6 engines (the "Class Vehicles"). (D.I. 34 at ¶ 1) The
first amended complaint alleges that the engines of the Class Vehicles have defects in
components of the valve train and in the electronic and hydraulic modules controlling the timing,
phasing, and function of the camshafts, intake valves, lifters, and related components causing the
engines to fail prematurely. (*Id.* at ¶ 4) The causes of action brought by named plaintiffs
Etienne Maugain, John Kundrath, Louise Shumate, Richard Archer, Denise Hunter, Stephen
Drekosen, Kenneth Esteves, John Skleres, and Leonel Cantu (collectively, "Plaintiffs") are
limited to breach of implied warranties and unjust enrichment. (*Id.*; D.I. 84; D.I. 85)

**2.** Since this case was filed in 2022, it has been reassigned and referred to numerous judges. Plaintiffs identify at least eight iterations of the scheduling order, all of which include deadlines for class certification briefing. (D.I. 283 at 2) (citing D.I. 30; D.I. 88; D.I. 140; D.I. 164; D.I. 184; D.I. 257; D.I. 262; D.I. 269). Currently, the deadline for Plaintiffs' motion for class certification is set for May 18, 2026. (D.I. 281) The parties submitted a proposed amended scheduling order prior to the case management conference on April 14, 2026. (D.I. 280) The amended scheduling order is entered concurrently with this Memorandum Order.

**3. Analysis.** Defendant moves the court to defer consideration of class certification until after resolution of Defendant's pending motion for summary judgment, arguing that the deferral will promote efficiency and the conservation of resources by clarifying which Plaintiffs, states' laws, and claims will remain in the case. (D.I. 275 at 1) Citing a nonprecedential Third Circuit opinion, Defendant contends that "resolv[ing] summary judgment issues before taking on class certification questions is a particularly economical and efficient use of resources." (D.I. 275 at 3) But in *Harper v. Trans Union, LLC*, the case cited by Defendant, the parties followed the traditional trajectory of first moving for class certification and obtaining a class certification decision before filing motions for summary judgment. 301 F. App'x 151, 152 (3d Cir. 2008). The Third Circuit deferred consideration of the district court's denial of class certification until the district court had an opportunity to decide the later-filed motions for summary judgment.[1] Nothing in the Third Circuit's decision suggests that the district court should have deferred

---

[1] Defendant also cites a Second Circuit case that followed a similar procedure on appeal. *See Author's Guild, Inc. v. Google Inc.*, 721 F.3d 132, 134-35 (2d Cir. 2013). In *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 526 (S.D.N.Y. 2014), the Southern District of New York described the procedure followed in *Google* as "the frequent practice of [the Circuit] to remand a case for a limited purpose while an appeal is held in abeyance." (quoting *Balintulo v. Daimler AG*, 727 F.3d 174, 193 n.30 (2d Cir. 2013)). The court explained "[i]t is therefore doubtful that it is a mechanism that can be utilized by a district court." *Id.*

2

consideration of class certification until after summary judgment motions were resolved. *Id.* The balance of cases cited by Defendant are not binding on this court. (D.I. 275 at 3-4)

4.   Plaintiffs oppose Defendant's motion, arguing that no efficiencies would be gained by a summary judgment decision that would not encompass the claims of absent class members. (D.I. 283 at 1, 4-5) Defendant acknowledges that "ruling on the summary judgment motion[ ] prior to ruling on class certification will mean that only the named Plaintiffs are bound by the decision," but states "that is a choice a defendant gets to make." (D.I. 275 at 6) This argument is in tension with Defendant's earlier statement that "[i]t goes without saying courts have the discretionary authority to control their dockets." (*Id.* at 3) (quoting *Bataan Licensing LLC v. DentalEZ, Inc.*, C.A. No. 22-238-GBW, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023)). Inefficiencies resulting from subsequent claims by other potential class members will not just impact Defendant but will also affect the court.

5.   For the foregoing reasons, the court declines to consider Defendant's motion for summary judgment before issuing a Report and Recommendation on class certification. Therefore, Defendant's request to stay briefing on class certification and expert-related motions is moot.

6.   **Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendant's motion to defer (D.I. 274) is DENIED.

7.   This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

3

**8.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge